## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE LEGACY FOUNDATION<br>600 Fourth Street, Suite 360<br>Sioux City, IA 51101<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION<br>1050 First Street Northeast<br>Washington, D.C. 20463<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Plaintiff, The Legacy Foundation ("Plaintiff" or "The Foundation"), and states as follows:

### INTRODUCTION

1. The Foundation brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the Federal Election Commission's ("FEC" or "Commission") failure to fulfill Plaintiff's request for records related to the communications FEC Commissioner Weintraub and Commissioner Weintraub's staff had with individuals and entities outside the Commission.

2. The FEC is an agency of the federal government and oversees the enforcement of the nation's campaign finance laws. The FEC and its officers are tasked with administering its role in a way that is fair and transparent.

3. The Foundation seeks disclosure of records exchanged between Commissioner Weintraub and her staff and individuals affiliated with *Mother Jones*, Citizens for Responsibility and Ethics in Washington ("CREW"), and Campaign Legal Center from August 1, 2017 through the present.

4. The Foundation seeks declaratory relief that the FEC is in violation of FOIA for failing to fulfil Plaintiff's request for records. Plaintiff also seeks injunctive relief that the FEC immediately and completely comply with the Foundation's FOIA request. Further, Plaintiff seeks fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## JURISDICTION AND VENUE

5. This Court has both subject matter and personal jurisdiction over the parties and claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies with this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

6. The Foundation is a nonprofit corporation incorporated in Iowa, organized under section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Sioux City, IA.

7. The FEC is an independent agency of the United States Government. The FEC is charged with the administration and enforcement of federal campaign finance law. The FEC is headquartered in Washington, D.C. and its principal office is located at 1050 First Street, NE.

## STATEMENT OF FACTS

8. The FEC is tasked with overseeing the compliance regarding public disclosures of funds raised and disbursed to influence federal elections, restrictions on receipts and expenditures, and the public financing of presidential campaigns.

9. Commissioner Weintraub is the current Chair of the FEC and has served as a commissioner since 2002. This is her third time serving as Chair of the Commission.

10. The Foundation is a non-profit organization interested in ethics and transparency in government. The Foundation sought to review correspondence between Commissioner Weintraub or her staff and *Mother Jones*, CREW, and the Campaign Legal Center.

11. The Freedom of Information ACT ("FOIA"), 5 U.S.C. § 552, requires federal agencies to release requested public records unless a statutory exemption applies.

12. An agency has twenty business days to respond to a request, including a notification to the requesting party of the agency's determination of whether to fulfil the request and the requester's right to appeal the agency's determination. 5 U.S.C. 552(a)(6)(A)(i).

13. An agency may delay its response only in "unusual circumstances" by notifying the requesting party of the unusual circumstances and identifying a date when "a determination is expected." *Id*. "No such notice shall specify a date that would result in an extension of more than ten working days . . . ." *Id*.

14. The Foundation sent a FOIA request dated February 26, 2019 (the "Request"), to the FEC requesting, for the period August 1, 2017 to the present, *inter alia*, "any and all records . . . existing in any format whatsoever . . . between" Commissioner Weintraub and *Mother Jones*, CREW, and the Campaign Legal Center. The Foundation notified the FEC of its ability and intention to pay for the costs of the request pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(III). A true and correct copy of the February 26 letter is included as Appendix A and is incorporated hereto for all purposes.

15. The FEC received the Request on February 27, 2019 and stated that the search for responsive records would be initiated. The FEC assigned it the tracking number 2019-43.

16. Having received no additional correspondence regarding the Request, the Foundation sent an email inquiring into the status of the Request on April 15, 2019.

17. The FEC responded to Plaintiff's April 15, 2019 correspondence with an email the following day, April 16, 2019, stating, "[w]e are currently working with Chair Weintraub's office to search for and process this request." A true and correct copy of the Foundation's April 15, 2019 email and the FEC's April 16, 2019, email response is attached as Appendix B and is incorporated hereto for all purposes.

18. Since the April 15, 2019 and April 16, 2019 correspondence, there have been no further communications with the FEC.

19. The FEC has failed to comply with the statutory deadline of twenty business days, as required by FOIA under 5 U.S.C. § 552(a)(6)(A). And, though no unusual circumstances providing for a ten-day extension under 5 U.S.C. § 552(a)(6)(B) have been given, that deadline has now expired as well. More than fifty business days have passed since the Foundation filed the Request on February 26. No records have been produced and the FEC has given no indication as to whether there are responsive records related to the Request.

20. The Foundation has exhausted all administrative remedies and may proceed directly to this Court. *See Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) (a requestor exhausts its remedies unless, within the relevant time period, the agency "inform[s] the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions"); *Id.* at 189 ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court."); *see also* 5 U.S.C. § 552(a)(6)(C)(i)

("Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").

21. The Foundation has a statutory right of access to the records it seeks, and there is no legal basis for the FEC to withhold those documents.

22. To date, The Foundation has not received any documents from the FEC in response to its Request, nor has it received any of the statutorily required communications or notices from the FEC.

## COUNT
### (Failure to Produce Records Pursuant to FOIA)

23. The Foundation re-alleges and incorporates by reference all preceding paragraphs.

24. The Foundation properly requested records in its February 26, 2019 request and the requested records are within the FEC's custody and control.

25. Defendant FEC has failed to produce any of the records pursuant to the Request and has made no claim for a statutory exemption or extension.

26. Defendant FEC, in failing to produce the requested records, has violated FOIA's plain language. *See* 5 U.S.C. § 552(a)(3)(A); *see also* 5 U.S.C. § 552(a)(4)(B).

27. The Foundation has exhausted all applicable administrative remedies with respect to the FEC's failure to respond to the Request.

28. Accordingly, The Foundation is entitled to injunctive and declaratory relief with respect to the disclosure and release of the records pursuant to the Request.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, The Legacy Foundation, prays for the following relief:

1.	A declaratory judgment that Defendant FEC has violated the Freedom of Information Act by failing to timely respond to the Request;

2.	An Order from this Court that the FEC is to immediately process and release all records responsive to the Request;

3.	 A preliminary and a permanent injunction enjoining Defendant FEC from withholding records responsive to the Request from The Legacy Foundation;

4.	A ruling that this Court retain jurisdiction of this action to ensure that the FEC properly and lawfully responds to the Request thus ensuring that no records are withheld;

5.	An award to The Foundation of costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.	A grant of any and all other relief that the Court may deem just and proper.

Dated: May 13, 2019.

Respectfully submitted,

*/s/ Jason Torchinsky*
JASON B. TORCHINSKY
(D.C. Bar No. 976033)
jtorchinsky@hvjt.law
*Counsel of Record*
JONATHAN P. LIENHARD
(D.C. Bar No. 474253)
jlienhard@hvjt.law
PHILLIP M. GORDON
(D.C. Bar No. 1531277)
pgordon@hvjt.law

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 14th day of May 2019, the foregoing Complaint was filed electronically with the Clerk of Court using the CM/ECF system. The following parties were served by USPS First Class Mail on May 15th.

Federal Election Commission
1050 First Street Northeast
Washington, DC 20463

And

Attorney General William Barr
c/o Assistant U.S. Attorney of Administration
Justice Management Division
950 Pennsylvania Ave. NW
Room 1111
Washington, D.C. 20530

Jessie K. Liu
United States Attorney for the District of Columbia
Civil Process Clerk
555 4th St. N.W.
Washington, D.C. 20530


 /s/ Jason Torchinsky
JASON TORCHINSKY